1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8
9
10
11
12
13

NUTRAMAX LABORATORIES, INC. and NUTRAMAX LABORATORIES VETERINARY SCIENCES, INC.,

    Plaintiffs,

    v.

JT BEST DEALS LLC,

    Defendant.

CASE NO. 2:23-CV-1885

ORDER ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT

14

## 1. INTRODUCTION

15
16
17
18
19
20

Before the Court is Plaintiffs Nutramax Laboratories, Inc. and Nutramax Laboratories Veterinary Sciences, Inc.'s (together, "Nutramax") motion for default judgment against Defendant JT Best Deals LLC. Dkt. No. 16. JT Best Deals has not appeared in this action and did not file a response to the motion. *See generally* Dkt. The Court has considered the motion, the remaining record, and applicable law and GRANTS Nutramax's motion for default judgment.

21
22
23

## 2.   BACKGROUND

On December 7, 2023, Nutramax filed its complaint against JT Best Deals alleging trademark infringement and false designation of origin under the Lanham Act and tortious interference with contract under Washington common law. Dkt. No. 1.

Nutramax distributes products through multiple channels, including the pure play ecommerce channel. *Id*. at 5. Almost all of the authorized resellers in the pure play ecommerce channel have entered into an Authorized Reseller Agreement ("Agreement") with Nutramax. *Id.* The Agreement obligates the resellers to meet certain requirements to ensure a high level of product quality and customer service. *Id.* Nutramax claims that products that are sold by unauthorized resellers are materially different from Nutramax products that travel through authorized distribution channels. *Id*. at 6. As a result, Nutramax cannot guarantee the quality of these products because they may not have been handled and stored as Nutramax intended. *Id.*

JT Best Deals is a pure play ecommerce seller with no brick-and-mortar retail or other sales outlet. *Id*. at 6. Nutramax alleges JT Best Deals is using the Nutramax Marks and is engaged in the unauthorized sale of Nutramax's Dasuquin® Soft Chews for Cats supplements ("Dasuquin® Supplements"). *Id.* This is misleading customers to believe that the products being sold by JT Best Deals are the same as the products Nutramax sells online through its authorized resellers. *Id*. at 7. The products being sold by JT Best Deals are "materially different" than the products being sold by the authorized resellers. *Id.*

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

Nutramax sued JT Best Deals to "stop unauthorized resellers from unlawfully interfering with Nutramax's contractual relationships with its authorized resellers, and from selling and distributing under Nutramax's well-known trademarks, products that are materially different from Nutramax's authorized products without Nutramax's consent or supervision." Dkt. No. 1 at 1.

On December 29, 2023, Nutramax served JT Best Deals's registered agent with a summons and complaint. Dkt. No. 12. JT Best Deals failed to respond to the lawsuit. *See generally* Dkt. On January 29, 2024, the clerk entered default against JT Best Deals. Dkt. No. 15.

## 3. DISCUSSION

### 3.1 Legal standard.

Under Rule 55, the default process occurs in two steps. First, if a defendant fails to plead or otherwise defend, the clerk of the court will enter an order of default against the defendant. Fed. R. Civ. P. 55(a). Second, upon a plaintiff's request or motion, the court may grant default judgment for the plaintiff. Fed. R. Civ. P. 55(b)(2). Entry of default judgment is left to the court's discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). Because granting or denying relief is within the court's discretion, a defendant's default does not automatically entitle a plaintiff to a court-ordered judgment. *Id.* The Ninth Circuit has established seven factors (the "*Eitel* factors") for courts to consider when deciding how to exercise this discretion: (1) the possibility of prejudice to the plaintiff without a judgment, (2) the merits of plaintiff's claims, (3) the sufficiency of the complaint, (4) the amount of

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether default was due to excusable neglect, and (7) the policy preference for decisions on the merits when reasonably possible. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986).

At the default judgment stage, the courts consider true all well-pleaded factual allegations in the complaint that are unrelated to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987); *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977); Fed. R. Civ. P. 8(b)(6). Courts must ensure the amount of damages is reasonable and supported by the plaintiff's evidence. *See TeleVideo Systems, Inc.*, 826 F.2d at 917–18; *LG Elecs., Inc. v. Advance Creative Comput. Corp.*, 212 F. Supp. 2d 1171, 1178 (N.D. Cal. 2002) ("The evident policy of [Rule 55(b)] is that even a defaulting party is entitled to have its opponent produce some evidence to support an award of damages."). And "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." Fed. R. Civ. P. 54(c). The Local Civil Rules further require plaintiffs to support a motion for default judgment with "a declaration and other evidence establishing plaintiff's entitlement to a sum certain . . ." and they must "provide a concise explanation of how all amounts were calculated, and shall support this explanation with evidence establishing the entitlement to and amount of the principal claim, and, if applicable, any liquidated damages, interest, attorney's fees, or other amounts sought." LCR 55(b)(2)(A).

**3.2** **The Court has subject matter and personal jurisdiction.**

Before entering a default judgment, a court must confirm it has jurisdiction to enter the judgment. *See In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

The Court has subject matter jurisdiction over all three of Nutramax's claims. Nutramax alleges two federal claims under the Lanham Act, 15 U.S.C. §§ 1114(1) & 1125(a). "The Lanham Act grants federal subject-matter jurisdiction over 'all actions arising under this chapter, without regard to the amount in controversy or to diversity or lack of diversity of the citizenship of the parties.'" *La Quinta Worldwide LLC v. Q.R.T.M., S.A. de C.V.*, 762 F.3d 867, 873 (9th Cir. 2014) (quoting 15 U.S.C. § 1121(a)).

Accordingly the Court has subject matter jurisdiction over these claims. Additionally, under 28 U.S.C. § 1367(a), the Court has supplemental jurisdiction over Nutramax's state-law claim. Federal courts have supplemental jurisdiction over all state-law claims that are within the same common nucleus of operative facts as the claim with original jurisdiction. *Ventura Content, Ltd. v. Motherless, Inc.*, 885 F.3d 597, 619 (9th Cir. 2018). The Washington common law claim for tortious interference with a contract arises from the same common nucleus of operative facts that give rise to the trademark infringement and unfair competition claims under the Lanham Act. The Court will exercise supplemental jurisdiction over the Washington common law claim.

Additionally, the Court has diversity jurisdiction because Plaintiffs and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

ORDER ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT - 5

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

The Court also has personal jurisdiction over JT Best Deals. A court has general personal jurisdiction over a corporate defendant in a state where "the corporation is fairly regarded as at home." *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014). "The paradigm all-purpose forums for general jurisdiction are a corporation's place of incorporation and principal place of business." *Id.* at 118. JT Best Deals is a Washington Limited Liability Corporation formed under Washington law. All of its officers are in Washington, and it is properly considered "at home" in Washington. Therefore, the Court has general personal jurisdiction over JT Best Deals.

Accordingly, the Court has both subject matter jurisdiction over Nutramax's claims and personal jurisdiction over JT Best Deals.

## 3.3    The *Eitel* factors favor default judgment.

### 3.3.1    Nutramax will face prejudice absent default judgment.

Under the first *Eitel* factor, default judgment is favored where "the plaintiff has 'no recourse for recovery' other than default judgment." *Curtis v. Illumination Arts, Inc.*, 33 F. Supp. 3d 1200, 1211 (W.D. Wash. 2014) (quoting *Philip Morris USA, Inc. v. Castworld Prod., Inc.*, 219 F.R.D. 494, 499 (C.D. Cal. 2003)). Here, despite timely service of process, JT Best Deals failed to defend itself in this litigation. *See generally* Dkt. As a result, Nutramax will suffer prejudice if default judgment is not entered because it will "be denied the right to judicial resolution" of its claims. *Elektra Ent. Grp. Inc. v. Crawford*, 226 F.R.D. 388, 391 (C.D. Cal. 2005). Therefore, the first *Eitel* factor favors default judgment.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

### 3.3.2    Nutramax adequately plead its claims.

The second and third *Eitel* factors are often analyzed together. They require the plaintiff to "state a claim on which the [plaintiff] may recover." *PepsiCo, Inc. v. Cal. Sec. Cans*, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (internal citation omitted). The plaintiff must bring claims that "cross the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009). At the default judgment stage, the court takes "'well-pleaded factual allegations' in the complaint 'as true,'" but "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992).

Nutramax alleges claims for trademark infringement and false designation of origin under the Lanham Act. Because the analysis "under the two provisions is oftentimes identical," the Court will evaluate them together. *Brookfield Commc'ns, Inc. v. W. Coast Ent. Corp.*, 174 F.3d 1036, 1046 n.8 (9th Cir. 1999). "To demonstrate a violation under either provision, the plaintiff must point to a protectable interest in the mark and the likelihood of confusion." *Gen. Motors Corp. v. Let's Make A Deal*, 223 F. Supp. 2d 1183, 1193 (D. Nev. 2002); *See also ERBE Elektromedizin GmbH v. Canady Tech. LLC*, 629 F.3d 1278, 1287 (Fed. Cir. 2010) (Under the Lanham Act, a plaintiff must prove "(1) it has a valid and legally protectable mark; (2) it owns the mark; and (3) the defendant's use of the mark to identify goods or services causes a likelihood of confusion" to establish infringement of a trademark.); *Enlightened Today LLC v. Soulmate Medium LLC*, No. C23-0985-SKV, 2023 WL 6239330, at *9 (W.D. Wash. Sept. 26, 2023) ("[A] false designation of

ORDER ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT - 7

origin claim is recognized as the equivalent of a claim for trademark infringement. . .and also requires a plaintiff to show a protectable ownership interest in a mark and a likelihood of consumer confusion.").

Federal registration of a trademark "provides 'prima facie evidence' of the mark's validity and entitles the plaintiff to a 'strong presumption' that the mark is a protectable mark." *Zobmondo Ent., LLC v. Falls Media, LLC*, 602 F.3d 1108, 1113 14 (9th Cir. 2010) (quoting 15 U.S.C. §§ 1057, 1115(a)). In the Complaint, Nutramax alleged that the U.S. Patent and Trademark Office has issued "registration for [Nutramax Marks]." Dkt. No. 1 ¶ 19.

Nutramax also alleges that the quality of products may be materially different because JT Best Deals is not bound by the Agreement to store Nutramax products in a "cool, dry area out of direct sunlight in a controlled room." Dkt. No. 1 ¶ 28. This may compromise the quality of the products. "[T]he lack of quality control can rise to the level of a material difference from the trademark owner's products and create a likelihood of confusion." *Davidoff & CIE, S.A. v. PLD Int'l Corp.*, 263 F.3d 1297, 1300 n.4 (11th Cir. 2001)*; see also Hokto Kinoko Co. v. Concord Farms, Inc.*, 738 F.3d 1085, 1094 (9th Cir. 2013) ("[D]ifferences in language, quality control, and packaging may each be sufficiently material to render imported goods not 'genuine.'"). Nutramax has sufficiently alleged trademark infringement and false designations of origin claims.

Nutramax also alleges tortious interference with a contract. "A claim for tortious interference with a contractual relationship or business expectancy requires five elements: (1) the existence of a valid contractual relationship or

business expectancy; (2) that defendants had knowledge of that relationship; (3) an intentional interference inducing or causing a breach or termination of the relationship or expectancy; (4) that defendants interfered for an improper purpose or used improper means; and (5) resultant damage." *Leingang v. Pierce Cnty. Med. Bureau, Inc.*, 930 P.2d 288, 300 (Wash. 1997).

First, Nutramax has entered into Authorized Reseller Agreements with its authorized resellers. Dkt. No. 1 ¶ 25–28. Next, JT Best Deals is on notice that Nutramax has contracts with its authorized resellers because Nutramax has sent JT Best Deals multiple letters notifying it of those contracts. *Id.* ¶ 46. Third, Nutramax alleges that JT Best Deals intended to induce the breach of the Authorized Reseller Agreements. There are no authorized resellers who are permitted to sell Nutramax products to JT Best Deals. *Id.* ¶ 44. Nutramax has notified JT Best Deals of this. *Id.* ¶ 46. JT Best Deals continues to source Nutramax's products from authorized resellers. *Id.* ¶ 47. Fourth, Nutramax alleges that JT Best Deals interfered with Nutramax's conduct for an unauthorized purpose. It sourced Nutramax's goods to later sell those goods in violation of the Lanham Act. *Id.* ¶ 68–70. Lastly, Nutramax alleges that it suffered irreparable harm due to JT Best Deal's tortious interference. Nutramax has been unable to control the distribution and quality of its products. *Id.* ¶ 69.

Nutramax has adequately alleged and supported each element of its three claims. Because these elements have been adequately alleged and supported, these two factors favor default judgment.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

### 3.3.3   The relief sought is proportional to the allegations against JT Best Deals.

The fourth *Eitel* factor favors default if "the recovery sought is proportional to the harm caused by defendant's conduct." *Landstar Ranger, Inc. v. Parth Enter., Inc.*, 725 F. Supp. 2d 916, 921 (C.D. Cal. 2010). Nutramax seeks permanent injunctive relief. It does not seek any monetary recovery. The Court finds that the relief sought is proportional to the seriousness of JT Best Deals' conduct. The fourth *Eitel* factor also favors entry of default judgment.

### 3.3.4   There is no dispute as to the material facts.

The fifth *Eitel* factor supports a default judgment if there is no dispute as to the material facts of the case. *Eitel*, 782 F.2d at 1471. JT Best Deals failed to appear, and the Court must accept all well-pleaded allegations in the complaint as true, other than those related to damages. *TeleVideo Systems, Inc.*, 826 F.2d at 917–18. Because nothing in the record suggests any factual disputes, this factor also warrants default judgment.

### 3.3.5   The record does not show excusable neglect.

Courts may consider whether circumstances surrounding a party's failure to respond are because of excusable neglect. *Eitel*, 782 F.2d at 1472. Excusable neglect may "be lacking where a defendant was properly served with the complaint and notice of default judgment." *Indian Hills Holdings, LLC v. Frye*, 572 F. Supp. 3d 872, 889–90 (S.D. Cal. 2021) (citation omitted). Here, Nutramax timely served JT Best Deals's registered agent with a summons and copy of the complaint on December 29, 2023. Dkt. No. 12. JT Best Deals's deadline to answer the complaint

was thus 21 days later on January 19, 2024. *See* Fed. R. Civ. P. 12(a)(1)(A)(i) (stating that a defendant must serve an answer within 21 days of service with the complaint and summons). JT Best Deals did not file an answer, nor did it file a motion under Rule 12. *See generally* Dkt. Nutramax moved for default on January 23, 2024. Dkt. No. 15. Nothing in the record shows that JT Best Deals was without notice of the action or was misled by Nutramax. The Court thus concludes that JT Best Deals' failure to respond was not because of excusable neglect. Therefore, the sixth *Eitel* factor also justifies default judgment.

### 3.3.6    Public policy favors a decision on the merits.

There is a preference for deciding cases on the merits, but this preference is not absolute. *PepsiCo, Inc.*, 238 F. Supp. 2d at 1177. If the defendant's "failure to answer [a c]omplaint makes a decision on the merits impractical," the "preference to decide cases on the merits does not preclude a court from granting default judgment." *Id.* (internal citations omitted). Rule 55(b) permits entry of default judgment when the defendant refuses to litigate, which is the case here. Fed. R. Civ. P. 55(b). Thus, the final *Eitel* factor supports default judgment.

Because all the *Eitel* factors weigh in favor of default judgment, the Court concludes that default judgment is warranted and looks next at the recovery.

### 3.4    The Court grants Nutramax's request for permanent injunction.

Now that the Court has found default judgment proper, it must determine what relief Nutramax is entitled to.

Under the Lanham Act, courts have "the power to grant injunctions according to principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the trademark owner." *Reno Air Racing Ass'n., Inc. v. McCord*, 452 F.3d 1126, 1137 (9th Cir. 2006) (internal quotation omitted). To obtain an injunction, the plaintiff must show: "(1) [it] has suffered an irreparable injury, (2) remedies available at law, such as monetary damages, are inadequate to compensate for that injury, (3) considering the balance of hardships between plaintiff and defendant, a remedy in equity is warranted, and (4) the public interest is not disserved by a permanent injunction." *Amazon.com Inc. v. Zhi*, No. 220CV01215TMCMLP, 2024 WL 943465, at *5 (W.D. Wash. Mar. 4, 2024).

First, irreparable harm is presumed when a plaintiff establishes trademark infringement. *Id*. (citing *T-Mobile USA, Inc. v. Terry*, 862 F. Supp. 2d 1121, 1133 (W.D. Wash. 2012); 15 U.S.C. § 1116). Nutramax has established trademark infringement because its claims are well-pleaded and because JT Best Deals failed to appear or otherwise offer a rebuttal.

Second, Nutramax cannot be made whole by a monetary award given that JT Best Deals willful infringements has harmed and continues to harm Nutramax's business, reputation, and goodwill. "Harm resulting from lost customer goodwill is neither easily calculable, nor easily compensable and thus cannot be remedied by a monetary award." *Amazon.com, Inc. v. Wong*, No. C19-0990JLR, 2024 WL 553695, at *10 (W.D. Wash. Feb. 12, 2024) (internal quotation omitted). Without a permanent injunction, Nutramax will need to file multiple suits to stop further infringement. Thus, the Court finds injunctive relief necessary to remedy the harm.

Third, the balance of hardships favors Nutramax. JT Best Deals does not have a legitimate interest in unauthorized resales, and Nutramax faces continued irreparable injury without injunctive relief. *See T-Mobile USA, Inc.*, 862 F. Supp. 2d at 1133.

Fourth, entering a permanent injunction benefits the public by protecting the rights of trademark holders and limiting consumer confusion. *Amazon.com, Inc. v. White*, No. 2:20-CV-01773-JHC, 2022 WL 1641423, at *7 (W.D. Wash. May 24, 2022).

Because Nutramax satisfied the four elements above, the Court will enter a permanent injunction against JT Best Deals.

## 4. CONCLUSION

4.1    The Court GRANTS Nutramax's motion for default judgment under Fed. R. Civ. P. 55(b)(1). Dkt. No. 16. The Court ENTERS judgment as to all claims.

4.2    Defendant and its respective officers, agents, servants, employees, and/or all persons acting in concert or participation with Defendant with actual notice of this Order are hereby enjoined and restrained from:

4.2.1    using Nutramax's trademarks (including, but not limited to, Nutramax Laboratories®, Dasuquin®, and Proviable®) or colorable imitations thereof in connection with the distribution, marketing, advertising, or sale of any Nutramax product that Nutramax has not authorized to be sold to or by Defendant;

4.2.2    passing off, inducing, or enabling others to sell or pass off any

ORDER ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT - 13

product as a Nutramax product that has not been produced under the authorization, control, or supervision of Nutramax and approved by Nutramax for sale to or by Defendant;

**4.2.3**   shipping, delivering, transferring, moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not authorized by Nutramax to be sold to or by Defendant.

**4.2.4**   otherwise competing unfairly with Nutramax in an unlawful manner.

**4.3**   Defendant, those in privity with Defendant, and those with actual notice of this Order – including any online retailers, social media platforms, internet search engines, and email service providers for Defendant – shall:

**4.3.1**   permanently remove all of Defendant's product listings for any Nutramax products (including, but not limited to, Dasuquin® and Proviable® products), and thereafter prohibit Defendant from ever relisting or offering for sale any Nutramax products;

**4.3.2**   permanently remove any and all advertisements used by or associated with Defendant in connection with the sale of any Nutramax products; and

**4.3.3**   deliver to Nutramax or destroy, at Nutramax's discretion, all Nutramax products in Defendant's possession or held on behalf of Defendant.

**4.4**   Nutramax is hereby directed to serve a copy of this Order and Injunction on JT Best Deals.

ORDER ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT - 14

Dated this 22nd day of May, 2024.

Jamal N. Whitehead
United States District Judge

ORDER ON PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT - 15